IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| | ) Civil Action No. |
| v. | ) <br> ) |
| | ) |
| FOREMOST INSURANCE COMPANY <br> GRAND RAPIDS, MICHIGAN, | ) <br> ) |
| | ) <br> ) |
| Defendant. | |

## COMPLAINT

Plaintiff, SCOTTSDALE INSURANCE COMPANY, for its Complaint against FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, states as follows:

## THE PARTIES

1. Plaintiff Scottsdale Insurance Company ("Plaintiff" or "Scottsdale"), an insurance company, is an Ohio corporation with its principal place of business in the state of Arizona.

2. Defendant Foremost Insurance Company Grand Rapids, Michigan ("Defendant" or "Foremost"), an insurance company, is a Michigan corporation with its principal place of business in the state of Michigan.

## JURISDICTION

3. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and the Defendant in this action, and the amount in controversy, including the costs of defense in connection with the accident and underlying lawsuit, as set forth below, exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the insurance policy at issue in this lawsuit, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

5. Venue is properly in this Court premised upon 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this action occurred in this district and the underlying lawsuit upon which this declaratory judgment action is based is pending in state court in this district.

## THE UNDERLYING ACCIDENT

6. On March 2, 2015, Jessica Scott ("Scott") was allegedly injured when she slipped and fell on ice and snow while walking from her apartment to her car in Raritan, New Jersey (the "Accident").

## THE UNDERLYING LAWSUIT

7. Scott filed a lawsuit in the Superior Court of New Jersey, Law Division, Essex County, styled *Jessica Scott v. GKV Preservation Partnership, LP D/B/A Georgia King Village; Community Realty Management, Inc.; and Abraham General Construction, LLC*, Docket No. ESX-L-7047-15 (the "Underlying Lawsuit"). A copy of the most recent Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

8. In the Underlying Lawsuit, Scott seeks to recover damages from the defendants for injuries she allegedly suffered in the Accident.

## THE CONTRACT

9. GKV Preservation Partnership, LP D/B/A Georgia King Village ("GKV") is the owner of the apartment complex where Scott lived at the time of the Accident.

M0399062.1 14045

2

10.     Community Realty Management, Inc. ("CRM") is the manager of the apartment complex where Scott lived at the time of the Accident.

11.     Prior to the Accident, GKV entered into a written agreement with Abraham General Construction ("Abraham"), whereby Abraham agreed to provide snow removal services for the period of November 15, 2014 through May 31, 2015 at the GKV property (the "Contract").

12.     Among other things, the Contract required Abraham to maintain general liability insurance and required that such insurance name GKV and CRM as insureds.

13.     The Contract also contained as Exhibit A a certificate identifying insurance coverage to be provided by Abraham and stating that GKV and CRM were named as additional insureds.

## THE FOREMOST POLICY

14.     Foremost issued a Small Business Policy to Abraham containing commercial general liability coverage, policy number into this paragraph SCP05438181, effective December 17, 2014 through December 17, 2015 (the "Foremost Policy"). The Foremost policy covers the date of the Accident.

15.     The Foremost Policy includes the following language with regard to Who Is An Insured:

> 2. Each of the following is also an insured:
>
> * * *
>
> f. Any person or organization other than an architect, engineer or surveyor, which requires in a "work contract" that such person or organization be made an insured under this policy. However, such person or organization shall be an insured only with respect to covered "bodily injury", "property damage", "personal injury" and "advertising injury" which results from "your work" under that "work contract".

16. The Foremost Policy defines "work contract" as "a written agreement into which you enter for work performed by you or on your behalf."

17. Plaintiff Scottsdale is currently providing a defense to GKV and CRM in the Underlying lawsuit under a policy of insurance issued by Scottsdale.

18. Plaintiff has, on two occasions, requested that Foremost undertake the defense and indemnity of GKV and CRM in the Underlying Lawsuit based upon their status as insureds under the Foremost Policy, and Foremost has refused to do so.

### COUNT ONE – DUTY TO DEFEND

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above, as if set forth fully herein.

20. The Foremost Policy includes as insureds any organization which requires in a "work contract" that such organization be made an insured under the policy.

21. The Contract qualifies as a "work contract" under the policy, and it requires that GKV and CRM be made insureds under the Foremost Policy.

22. The injuries alleged by the plaintiff in the Underlying Lawsuit resulted from Abraham's work under the Contract.

23. Both GKV and CRM therefore are insureds under the Foremost Policy.

24. Based upon the foregoing language in the Foremost Policy, Foremost has a duty to defend both GKV and CRM in the Underlying Lawsuit.

### COUNT TWO – DUTY TO INDEMNIFY

25. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above, as if set forth fully herein.

26. The Foremost Policy includes as insureds any organization which requires in a "work contract" that such organization be made an insured under the policy.

27. The Contract qualifies as a "work contract" under the policy, and it requires that GKV and CRM be made insureds under the Foremost Policy.

28. The injuries alleged by the plaintiff in the Underlying Lawsuit resulted from Abraham's work under the Contract.

29. Both GKV and CRM therefore are insureds under the Foremost Policy.

30. Based upon the foregoing language in the Foremost Policy, Foremost has a duty to indemnify both GKV and CRM for the claims alleged in the Underlying Lawsuit.

## COUNT THREE – SUBROGATION/INDEMNITY/CONTRIBUTION

31. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above, as if set forth fully herein.

32. Under the terms of the Foremost Policy, Foremost has a duty to defend GKV and CRM in the Underlying Lawsuit, and the Foremost Policy provides coverage for the claims alleged against GKV and CRM in the Underlying Lawsuit.

33. Scottsdale is subrogated to the rights of its insureds, GKV and CRM, under the Foremost Policy, and is entitled to subrogation against Foremost for the costs of defending GKV and CRM, and for any sums paid towards settlement or judgment in the Underlying Lawsuit.

34. Scottsdale is entitled to indemnity from Foremost for the costs of defending GKV and CRM, and for any sums paid towards settlement or judgment in the Underlying Lawsuit.

35. Scottsdale is entitled to equitable contribution from Foremost for the costs of defending GKV and CRM, and for any sums paid towards settlement or judgment in the Underlying Lawsuit.

## **REQUEST FOR RELIEF**

36. Based upon the foregoing, Plaintiff Scottsdale respectfully requests the following relief:

(1) That the Court declare that Foremost has a duty to defend GKV and CRM for the claims asserted in the Underlying Lawsuit;

(2) That the Court declare that Foremost has a duty to indemnify GKV and CRM for the claims asserted in the Underlying Lawsuit;

(3) That the Court enter judgment in favor of Scottsdale and against Foremost for sums paid for the defense and indemnity of GKV and CRM in the Underlying Lawsuit;

(4) That the Court grant other and further relief as this Court deems just and proper.

FAUST GOETZ SCHENKER & BLEE, LLP

BY /s/Danielle M. DeGeorgio
DANIELLE M. DEGEORGIO
**Attorneys for Plaintiff Scottsdale Insurance Company**

FAUST GOETZ SCHENKER & BLEE, LLP
570 West Mt. Pleasant Avenue, Suite 201
Livingston, New Jersey 07039
Phone: (973) 422-9600
Fax: 973-422-9666
File No: 15671-NWJ