**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | CIVIL ACTION NO. 18-9837 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| FOREMOST INSURANCE COMPANY, | |
| Defendant. | |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

    **1.**    Jessica Scott brought an action in New Jersey State Court to recover damages for personal injuries that she allegedly sustained when she slipped and fell on ice and snow (hereinafter, "the State Tort Action") against: GKV Preservation Partnership, LP (hereinafter, "GKV"), which is the owner of the property at issue (hereinafter, "the Property"); Community Realty Management, Inc. (hereinafter, "CRM"), which managed the Property; and Abraham General Construction, LLC (hereinafter, "AGC"), which provided snow removal services on the Property. (ECF No. 1 at 2–3.)

    **2.**    The State Tort Action remains pending and is being actively litigated. *See* No. L-15-7047 (N.J. Superior Ct. Essex Cty.)

3.     Scottsdale Insurance Company (hereinafter, "Scottsdale") insures GKV and CRM. (ECF No. 1 at 5.) Foremost Insurance Company (hereinafter, "Foremost") insures AGC. (*Id.* at 3.)

4.     Scottsdale brought this action in this Court against Foremost based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1332, for a judgment declaring that Foremost is obligated to defend and indemnify GKV and CRM in the State Tort Action (hereinafter, "the Declaratory Judgment Action"). (*Id.* at 4–6.)

5.     It is apparent that a determination by this Court concerning the state law insurance coverage issues raised in the Declaratory Judgment Action will necessarily affect — and thus interfere with — the State Tort Action. This Court would be required to examine issues concerning the extent of liability of GKV, CRM, and AGC for Scott's injuries that are identical to the issues being addressed in the State Tort Action. Indeed, Scottsdale asserts in the instant complaint that it "is subrogated to the rights of its insureds, GKV and CRM," and that "[t]he injuries alleged by [Scott] in the [State Tort Action] resulted from [AGC's] work." (*Id.* at 4–5.) Because the inquiry in the Declaratory Judgment Action will require consideration of the cause of Scott's accident, the Court concludes that there is a significant potential for conflicts to arise between determinations in the State Tort Action and the Declaratory Judgment Action.

6.     As a result, this Court abstains from adjudicating the Declaratory Judgment Action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90 (1995) (upholding *Brillhart*

v. *Excess Ins. Co.*, 316 U.S. 491 (1942)). The Declaratory Judgment Action is dismissed without prejudice, because the claims should be adjudicated by the same state court overseeing the State Tort Action. *See Markel Ins. Co. v. Connolly, Connolly & Heun, LLP*, No. 17-1885, 2017 WL 4618750, at *3–4 (D.N.J. Oct. 16, 2017) (abstaining from the adjudication of a dispute between a law firm insured and its legal malpractice insurer, because the parties sought a determination of their rights and obligations before the related state court legal malpractice case against the law firm had been resolved, and thus such a determination would interfere with that state court case); *see also Williams v. State Auto Prop. & Cas. Ins. Co.*, No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (remanding an action concerning a dispute over insurance coverage, and noting that "the possibility of interfering with the state court cases regarding the same matter is substantial," because the conduct of certain parties would need to be addressed in both the underlying state cases and the removed declaratory judgment action).

7.      In view of the pending State Tort Action, this Court must "promote judicial economy by avoiding duplicative and piecemeal litigation." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2001). The Third Circuit Court of Appeals has recognized that "in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding," thereby "warrant[ing] a court's abstention." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 287 n.12 (3d Cir. 2017); *see also Summy*, 234 F.3d at 135–36 (abstaining from the adjudication of an insurance

coverage action in federal court, and holding that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

8.   Therefore, this Court dismisses the Declaratory Judgment Action pursuant to the doctrine of *Brillhart* abstention without prejudice.[1]  For good cause shown:

**IT IS THEREFORE** on this ____ day of June, 2018, **ORDERED** that the complaint is dismissed without prejudice; and it is further

**ORDERED** that the plaintiff is granted leave to reinstitute these claims in the appropriate state court within 30 days of entry of this Order; and it is further

**ORDERED** that the Clerk of the United States District Court for the District of New Jersey mark this action as closed.

JOSE L. LINARES
Chief Judge, United States District Court

---

[1]   Even if the Declaratory Judgment Action were to proceed in this Court, all of the parties from the State Tort Action would need to be named here. *See* N.J.S.A. 2A:16-56 (stating that when declaratory relief is sought, all those having an interest that would be affected by the declaration must be made parties to the proceeding).